SAUL MALKIEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Malkiel v. Commissioner
Docket No. 33031-87.
United States Tax Court
T.C. Memo 1988-214; 1988 Tax Ct. Memo LEXIS 240; 55 T.C.M. (CCH) 855; T.C.M. (RIA) 88214; May 12, 1988; As amended May 16, 1988 Saul Malkiel, pro se. Diane D. Helfgott, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: This case if before us on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent determined a deficiency *241 in petitioner's Federal income tax for the taxable year 1984 in the amount of $ 228. Respondent seeks a dismissal on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502. [1]
Petitioner was a resident of Quebec, Canada, at the time he filed his petition in this case. According to respondent, a statutory notice of deficiency dated April 28, 1987, upon which notice this case is based, was sent to petitioner in Quebec, Canada, by registered mail on April 28, 1987. That mailing date is shown by the postmark stamped on the copy of the registered mail list, which respondent submitted with his motion. [2]
*242 Section 6213 sets forth the time limit for filing a petition in this Court as follows: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Section 7502(a) sets forth the general rule that a petition that is mailed timely may be treated as one which is filed timely. Section 7502(b) sets forth a limitation on the general rule as follows: "This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary." The regulation promulgated pursuant to section 7502(b) requires that a postmark, other than a U.S. Post Office postmark bear a timely date in order to invoke the "timely mailing treated as timely filing" rule. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. [3] That provision has been held invalid. , *243 affg. a Memorandum Opinion of this Court; , affd. per curiam . [4]
We agree with respondent that *244 the petition was not timely filed. The 150-day period for timely filing the petition with this Court expired on Friday, September 25, 1987. That date was not a legal holiday in the District of Columbia. The petition was filed with the Tax Court on October 1, 1987, 156 days after the mailing of the notice of deficiency. On the envelope in which the petition was mailed to the Tax Court, the Ottawa, Ontario, postal service stamped a postmark that bore the date, September 28, 1987. Since that date was 153 days after the mailing of the notice of deficiency, the postmark date does not meet the requirement contained in clause (1) of the first sentence of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. [5] Accordingly, petitioner cannot avail himself of the "timely mailing treated as timely filing" rule of section 7502. The time limit provided in section 6213(a) is strictly applied. See . *245 Since the petition was not filed with the Court within the 150-day period set forth in section 6213(a), respondent's motion will be granted. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended. ↩
2. With his motion, respondent submitted a copy of the registered mail list for the purpose of establishing the date of mailing of the notice of deficiency. The registered mail list contains petitioner's name, address, and Social Security identification number, an identification of the year covered by the notice of deficiency at issue, and a verification of the April 28, 1977, postmark. In , we noted that such a form represents direct evidence of the mailing date of a notice of deficiency. Thus, based upon the registered mail list, we find that respondent mailed an envelope containing the notice of deficiency on April 28, 1977. ↩
3. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides as follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. * * * ↩
4. These cases, however, dealt with petitions which were mailed from within the United States through the United States Post Office, but which only bore postmarks made by private postage meters. ↩
5. We therefore need not address the validity of the requirement contained in clause (2) of the first sentence of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., with respect to documents mailed through postal services of other countries. ↩